IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

SEAN MATTHEW PUMPHREY,

                Appellant,

    v.                                   Action No. 10-cv-3215—AW

JANET M. NEESE,

                APPELLEE.

## MEMORANDUM OPINION

This appeal arises out of the October 4, 2010 Order and Judgment of the United States Bankruptcy Court for the District of Maryland. The parties have fully briefed the issues on appeal, and the Court deems that no hearing is necessary. For the reasons stated herein, the Order and Judgment of the Bankruptcy Court is **AFFIRMED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant, Sean Pumphrey, possessed a fifty-percent ownership interest in Past and Present Restorations, Inc. ("the Corporation") with his brother, Chris Pumphrey, who owned the other fifty percent of the company. Appellant asserts that in early 2008, Chris left the company and transferred his interest to Appellant. In October 2008, Appellant formed a new corporation entitled, Past and Present Construction Group, LLC ("the LLC"). Appellant avers that this corporation was formed at the advice of his accountant, Kimberly Chaney.

When Appellant formed the LLC, he and his previous corporation, Past and Present Restorations, Inc., owed money to Modern Foundations, 84 Lumber, Frederick Brick Works, S

& K Roofing, and Johnson Lumber. After the formation of the LLC, on September 4, 2009, Appellant filed his Bankruptcy Petition, Schedules, and Statement of Financial Affairs (SOFA). Attorney Scott Borison represented Appellant during the Bankruptcy proceedings, preparing the Debtor's Schedules and SOFA. However, Appellant avers that not all of the information in these documents was accurate. The Bankruptcy Court conducted a trial on whether Pumphrey, the Debtor, was entitled to a bankruptcy discharge in light of alleged inaccurate statements and omissions on his Schedules and SOFA.[1] Following the trial, the Bankruptcy Court issued a Memorandum Opinion, in which it found that Appellant was not entitled to a bankruptcy discharge. The Court made the following findings in its Memorandum Opinion: "the Debtor, . . . and not Mr. Borison, [was] the party responsible for the false statements." The Court went on to find that the "Debtor 'clos[ed]' the entity through which he operated his construction business and then set up ownership of and distributions from the new entity so as to prevent creditors from garnishing his salary." Addressing the transfer of the assets from the Corporation to the LLC and the assets from the LLC to the Debtor's wife, the Court found that these transfers were "more than nominal, . . . [and] that both transfers were made with the intent to hinder and delay

---

[1] In his Appellant's brief, Appellant notes the following inaccuracies that existed in the disclosures that Borison filed: "The Schedule A listed the Debtor's residence that was owned as tenants
by the entireties with his wife. The Schedule B listed cash and bank accounts, furniture, lacrosse
equipment, retirement accounts, a vehicle and the tools and office furniture that the Debtor
owned and that was used in the operation of both the Corporation and the LLC. The Schedule B
also listed the stock in the Corporation, valued at $1.00, and the membership interest in the LLC,
valued at $1.00. The membership interest in the LLC was disclosed on Schedule B even though
the Debtor had transferred that interest to Elizabeth. The Debtor's Schedule F listed unsecured creditors including, but not limited to Modern Foundations, 84 Lumber, Frederick Brick Works, S&K Roofing and Johnson Lumber, the creditors the Trustee had questioned the Debtor about at trial. . While all of the Debtor's creditors were listed, some of the creditors were listed as having disputed claims. As the Debtor testified at trial, some of those listed as disputed were not actually disputed and the Debtor did not know why they were listed as disputed. Some of the Debtor's creditors were listed as holding obligations that were jointly owed by the Corporation. For example, the debt to Ford Credit had a specific reference that read "Joint with Past and Present Construction Inc." Although the debt to Ford Credit was specifically listed as being jointly owed by the Corporation, the Debtor's Schedule H reflected that the Debtor had no co-debtors. Finally, the Debtor's Schedule I reflected that the Debtor had monthly income of $3,083.00 from the Corporation and further reflected that more than $700.00 was withheld for taxes and similar purposes. The Schedule I also reflected that Elizabeth had no income." (Doc. No. 8, at 13-14).

the corporate creditors as to whom Debtor was personally liable." Finally of note, the Court was not persuaded by Appellant's arguments that the falsehoods in the filings at issue were immaterial, asserting, "A debtor is required to make full disclosure of all assets, including those that are seemingly worthless, particularly if disclosure might lead to a discovery of assets." Having made these findings, the Court denied Debtor's petition for a bankruptcy discharge.

Appellant appeals this decision, presenting seven issues on appeal: 1) Whether the Bankruptcy Court erred in concluding that the Debtor did not fully disclose all of his assets; 2) whether the Bankruptcy Court erred in concluding that the closing of one business and the opening of another was a transfer that the Debtor was required to report in his bankruptcy filings; 3) whether the Bankruptcy Court erred in concluding that the misstatements contained in the Debtor's Schedules and Statement of Financial Affairs were material; 4) whether the Bankruptcy Court erred in concluding that the misstatements contained in the Debtor's Schedules and Statement of Financial Affairs were made with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with the custody of property under Title 11 of the United States Code; 5) whether the Bankruptcy Court erred in, impliedly, concluding that the Debtor's creditors or any officer of the estate charged with the custody of property under Title 11 of the United States Code was hindered, delayed, or defrauded by the misstatements contained in the Debtor's Schedules and Statement of Financial Affairs; 6) whether the Bankruptcy Court erred in concluding that the misstatements contained in the Debtor's Schedules and Statement of Financial Affairs were made knowingly and fraudulently; and 7) whether the Bankruptcy Court erred in concluding that the Debtor was not entitled to rely on the advice of counsel.

## II. STANDARD OF REVIEW

The court has jurisdiction over appeals from the Bankruptcy Court pursuant to 28 U.S.C. § 158. *See In re Jackson*, 190 B.R. 808, 810 (W.D.Va. 1995); *In re Fraidin*, 188 B.R. 529, 532 (D.Md. 1995). The Court reviews the Bankruptcy Court's conclusions of law de novo and factual findings for clear error. *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 127 (4th Cir. 2000).

### III.    ARGUMENT

Under 11 U.S.C. §727 (a) of the United States Bankruptcy Code, the court is required to grant the debtor a discharge unless the debtor committed any of the acts enumerated in this provision's subsections. Namely, if the "debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed . . . property of the debtor, within one year before the date of the filing of the petition; or property of the estate, after the date of the filing of the petition," the Court is not required to grant the debtor discharge. Additionally, the Court is not required to grant a discharge when "the debtor knowingly and fraudulently, in or in connection with the case . . . ma[kes] a false oath or account." 11 U.S.C. §727(a)(4)(A).

At the outset, the Court notes that several of the issues presented on appeal require that the Court review the Bankruptcy Court's factual determinations, which this Court reviews under the "clearly erroneous" standard. ("Whether a particular debtor has satisfied the knowledge, willfulness, and intent elements of § 727(a)(4)(A) is a question of fact. Because the average debtor will deny the fraudulent intent alleged by a party seeking denial of the debtor's discharge, a court may decide the issue upon circumstantial evidence or 'inferences drawn from a course of conduct.'" *In re Voccia*, Mo. 09-335134-DOT, 2011 WL 351187, *6 (Bkrtcy.E.D.Va. Feb. 1,

2011) (internal citations omitted)).  The Court will address each of the issues that Appellant raises in his appeal.

1. **Whether the Bankruptcy Court erred in concluding that the Debtor did not fully disclose all of his assets; whether the Bankruptcy Court erred in concluding that the closing of one business and the opening of another was a transfer that the Debtor was required to report in his bankruptcy filings; and whether the Bankruptcy Court erred in concluding that the misstatements contained in the Debtor's Schedules and Statement of Financial Affairs were material.**

The first three issues that the Appellant raises on appeal are of a similar nature and will be addressed in tandem.  The first two questions that the appellant raises (whether the Bankruptcy Court erred in concluding that the Debtor did not fully disclose all of his assets; whether the Bankruptcy Court erred in concluding that the closing of one business and the opening of another was a transfer that the Debtor was required to report in his bankruptcy filings) are purely questions of fact, and the Court will not disturb the factual findings of the Bankruptcy Court.

Appellant urges the Court to reverse the Bankruptcy Court's finding that he did not fully disclose all of his assets, as he argues that "the failure to list the transfer of the LLC interest in his SOFA instead of listing the LCC interest in his Schedule B was simply not material." (Doc. No. 8, at 48).  Attempting to distinguish the several cases that the Bankruptcy Court cited as support for its determination that denial of the discharge was justified, Appellant asserts that "in the case at bar . . . the Trustee was fully aware of the Debtor's interest in the LLC because he disclosed the ownership interest in the LLC in his Schedule B." *Id.*  "The materiality of a misrepresentation is typically a question of fact for the jury, and the burden of proof lies with the party attempting to assert the defense. Nonetheless, where materiality is shown by uncontradicted or clear and convincing evidence, the question may become one of law." *Jackson*

*v. Hartford Life and Annuity Ins. Co.*, 201 F.Supp.2d 506, 513 (D.Md.,2002) (internal citations omitted). In the instant appeal, the Court finds that materiality is a question of fact, as the Appellant has not shown by uncontradicted or clear and convincing evidence that the contested omissions were not material. Having reviewed the record in this case, it appears as though the Bankruptcy Court evaluated all of the evidence and made a reasonable determination of the materiality of Appellant's omission. In making its finding, the Bankruptcy Court stated, "There are numerous falsehoods in the filings that, as stated above, the court finds to be the responsibility of the Debtor, and not of his counsel. The transfers were not disclosed, his culpability on corporate obligations was not disclosed, and both his employment information and statement on income were fictional." (Doc. No. 1-27, at 3). Finding that the misrepresentations the documents were material, the Bankruptcy Court held, and this Court agrees that "in order for a falsehood or omission to be material, it need not result in detriment to creditors." (Doc. No. 1-27, at 3). Citing *In re Chalik*, 748 F.2d 616, 618 (11th Cir. 1984), the court noted, "[t]he subject matter of a false oath is 'material' and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence of and disposition of his property." The record does not indicate that the Bankruptcy Court's determination that the Appellant failed to disclose his assets and that this failure was material was clearly erroneous. Therefore, this Court declines to find that the Bankruptcy Court erred in concluding that the Debtor did not fully disclose his assets and this that failure was material.[2]

---

[2] Appellant highlights that the Fraudulent Conveyance Case which was filed on January 29, 2010 by the Trustee was voluntarily dismissed after judgment was entered in the case that is currently on appeal. Appellant asserts that "in the New Trial Motion, the Debtor will be arguing that the Stipulation of Dismissal provided evidence that the transfers and alleged transfers were not material to the administration of the Debtor's bankruptcy case and that the evidence of the dismissal was not available at the time of the trial." (Doc. No. 8, at 9). The Court is not willing to find that a Stipulation of Dismissal by the Trustee in the Fraudulent Conveyance case against the Debtor is indicative of the fact the misstatements in the disclosures were not material. Several reasons may exist as to why

2. **Whether the Bankruptcy Court erred in concluding that the misstatements contained in the Debtor's Schedules and Statement of Financial Affairs were made with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with the custody of property under Title 11 of the United States Code; whether the Bankruptcy Court erred in, impliedly, concluding that the Debtor's creditors or any officer of the estate charged with the custody of property under Title 11 of the United States Code was hindered, delayed, or defrauded by the misstatements contained in the Debtor's Schedules and Statement of Financial Affairs; and whether the Bankruptcy Court erred in concluding that the misstatements contained in the Debtor's Schedules and Statement of Financial Affairs were made knowingly and fraudulently.**

The Court notes that the debtor "possessed the requisite intent is a question of fact, which is subject to the highly deferential 'clearly erroneous' standard of review. *In re* Davis, No. 10-2757, 2011 WL 855837, at*2 (7th Cir. Jan. 10, 2011) (citing *Carini v. Matera*, 592 F.2d 378, 380 (7th Cir. 1979)). In finding that the transfers made from the Corporation to the LLC and from the LLC to Elizabeth Pumphrey were material and made with the intent to hinder and delay Appellant's corporate creditors, the Court noted the facts on which it relied to make this finding, stating,

> Debtor does not dispute the chronology detailed by the Trustee, but in defense argues that the Corporation had no assets at the time of the transfer of its business to the LLC and that, if anything, it had a negative net worth. While these businesses may have had no book value, the fact, as reflected on Defendant's Exhibits Nos. 19 and 20, is that the Corporation produced officers' salaries of $161,665.00 for Debtor and his brother in 2007 and $84,274.00 for the Debtor in 2008, his brother having left the business. While nothing in the record enables the court to fix an accurate dollar value on the value of the Corporation at the time of either the transfer from the Corporation to the LLC or the subsequent transfer of the ownership of the LLC to Elizabeth Pumphrey, the court finds that it was more than nominal. The court therefore finds that both transfers were made with the intent to hinder and delay the corporate creditors as to whom Debtor was personally liable.
>
> (Doc. No. 1-27, at 3).

---

the case was been dismissed by the Trustee, none of which may have to do with the materiality of the disclosures. Nonetheless, the Court will not speculate as to the reasons why the Fraudulent Conveyance case was dismissed, especially without any evidence before the Court in support of Appellant's arguments for the reason for the Stipulation of Dismissal.

This Court believes that in light of the evidence presented, the Bankruptcy Court did not err in concluding that that Appellant acted with the intent to hinder and delay the Corporate creditors as to whom he was personally liable.

Appellant requests that this Court review "whether the Bankruptcy Court erred in, impliedly, concluding that the Debtor's creditors or any officer of the estate charged with the custody of property under Title 11 of the United States Code was hindered, delayed, or defrauded by the misstatements contained in the Debtor's Schedules and Statement of Financial Affairs." Whether the Debtor's creditors were *actually* hindered, delayed, or defrauded is of no importance in the assessment of whether the Debtor is entitled to a discharge under 11 U.S.C. §727. Section 727 mandates that a Bankruptcy Court denies a discharge when the Debtor acted with the *intent* to hinder, delay, or defraud a creditor. Whether the Debtor accomplishes this result is of no consequence to the Court. The debtor's intent is the dispositive issue. In light of the Bankruptcy Court's finding that the Debtor did in fact act with the intent to hinder or delay creditors, this Court declines to reverse the Bankruptcy Court's ruling on the grounds that the Bankruptcy Court may have implied that the creditors were actually hindered, delayed, or defrauded by the Debtor's misrepresentations.

Additionally, Appellant requests that the Court reverse the Bankruptcy Court ruling on the grounds that it erred by concluding that the Debtor acted knowingly or fraudulently when he made the misstatements at issue in this case. In making its finding, the Bankruptcy Court cited *Scimeca v. Umanoff*, 169 B.R. 536, 543 (D.N.J. 1993) for the proposition that "extreme carelessness of the debtor in filling out the Petition will not excuse a false oath." (Doc. No. 1-27). Hearing all of the evidence presented in the case, the Court concluded that "the Debtor, a college graduate and an experienced businessman, and not [his lawyer], [was] the party

responsible for the false statements." (Doc. No. 1-27, at 2). Having reviewed the Bankruptcy Court's entire Memorandum of Decision in this case and the arguments presented on appeal, it does not appear that the Bankruptcy Court's finding that the Debtor acted knowingly was clearly erroneous in light of the facts presented at trial. Applying this factual determination to the law, it is clear that when the Debtor knowingly made the misstatements in his Schedules and SOFA, the Bankruptcy Court was justified in denying Appellant a discharge pursuant to §727.

### 3. Reliance on the Advice of Counsel

Finally, Appellant asks the Court to reverse the Bankruptcy Court's finding on the grounds that it erred in concluding that Appellant was not entitled to rely on the advice of counsel. Appellant argues that the "Bankruptcy Court . . . observed and recognized that Borison took full responsibility for the misstatements contained in the Bankruptcy Schedules and SOFA." (Doc. No. 8. At 47). Appellant poses the following question to this Court, "If, as the Bankruptcy Court determined, Borison was a competent and experienced attorney, why wasn't the Debtor entitled to rely on his expertise and advice?"

Appellant seeks to distinguish the cases that the Bankruptcy Court cited in its Memorandum Opinion from the facts of the case at bar. Specially mentioning *In re Mascolo*, 505 F.2d 274, 277-278 (1st Cir. 1974), Appellant relies on this case for the proposition that "an explanation by a bankrupt that he had acted upon advice of counsel who in turn was fully aware of all relevant facts generally rebuts an inference of fraud." Appellant also cites *In re Topper*, 229 F.2d 691, 693 (3rd Cir. 1956) for its holding that "The Bankruptcy Act is to be reasonably construed. The reasons for denying a discharge to a bankrupt must be real and substantial. Not merely technical and conjectural." According to Appellant, "the denial of the Debtor's discharge was not based upon the Debtor's failure to disclose as much as one single asset, but rather, was

based upon technical and conjectural failings that were a result of the preparation of the papers by Borison's office and the advice of his accountant." (Doc. No. 8, at 48).  In *U.S. v. Lago*, 131 Fed Appx. 901, 905 (4th Cir. 2005), the Fourth Circuit held that "although demonstrating a reliance on poor legal advice may negate the inference of fraudulent intent in completing a bankruptcy petition, that defense is not absolute.  A defendant must demonstrate that he made full disclosure of all pertinent facts to counsel and relied on counsel's advice in good faith." (internal citations omitted).

This Court finds that the Bankruptcy Court did not err in finding that Appellant was not entitled to rely on the advice of counsel.  Notably, Borison's trial testimony manifests that the Debtor had not disclosed all material information required for the SOFA and Disclosures, nor did he ask Borison to correct any misrepresentations in the schedules or the SOFA after reviewing these documents.  Doc. No. 5, at 61, lines 4-9.  Moreover, Borison testified that he did not recall Appellant ever telling him that his interest in the LLC had been transferred to his wife.  *Id.* at 44, lines 10-13.  Finally, the Bankruptcy Court explicitly found that the filings were signed under oath by the Debtor.   During his testimony, Borison explained that Appellant had the opportunity to review and sign the disclosures before they were filed.

It appears to the Court that Appellant had not given Borison all relevant information when completing his disclosures, and thus, this Court finds that the Bankruptcy Court did not err when it concluded that it was Appellant and not Borison who was responsible for the false statements.

## IV.   CONCLUSION

The issues that Appellant highlights on appeal involve factual determinations that the Bankruptcy Court made.  The Court does not believe that in light of the testimony presented and

the facts before this Court regarding the proceedings of the Bankruptcy Court, that the Bankruptcy Court made any factual determinations that were clearly erroneous. The Court notes that this standard of review is an extremely high standard. "The clearly erroneous standard requires this Court 'to give great deference to the bankruptcy court with respect to findings of fact.' Under this standard, ' if the bankruptcy court's factual findings are plausible in light of the record viewed in its entirety, a reviewing court may not reverse even if it would have weighed the evidence differently.'" *In re Business Communications of VA, Inc*. 416 B.R. 476, 481 - 482 (E.D.Va.,2009) (citing *In re Frushour,* 433 F.3d 393, 406 (4th Cir.2005)). This appeal turns on factual findings by the Bankruptcy Court. Having found that the Bankruptcy Court's factual determinations were not clearly erroneous, this court declines to disturb the judgment of the Bankruptcy Court. Accordingly, the Bankruptcy Court's Order denying the Debtor a Discharge under 11 U.S.C. §727 is **AFFIRMED**. An Order consistent with this opinion will follow.

                                                           /s/
                                          Alexander Williams, Jr.
                                          United States District Court